# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1754V
(not to be published)

| | |
|---|---|
| TIFFANY MADRID,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 11, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*James K. Powers*, McGee & Powers, P.A, Orlando, FL, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 3, 2020, Tiffany Madrid filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*2 (the "Vaccine Act"). Petitioner alleged that she suffered right shoulder weakness and pain after receiving an influenza vaccine on October 18, 2018. Petition at ¶¶ 2, 8. On September 15, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 51.

Petitioner has now filed a motion for attorney's fees and costs, dated March 22, 2023. ECF No. 57. Petitioner is requesting a total award of $21,634.29 (representing $21,090.00 in fees and $544.29 in costs). In accordance with General Order No. 9,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 61-4 at 1. Respondent reacted to the motion on April 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 58. Petitioner did not file a reply thereafter. On April 6, 2023, Petitioner filed a reply reiterating her request for a reasonable award of attorney's fees and costs. ECF No. 59.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

  A. <u>Hourly Rates</u>

  Petitioner requests compensation for attorney James K. Powers at the following rates: $350 per hour for 2020-21, and $400 per hour for time billed in 2022. ECF No. 61-1 at 1. Mr. Powers has been a licensed attorney since 1985, placing him in the range of attorneys with over 31 years' experience based on the OSM Attorneys Forum Hourly Rate Schedules.[2] ECF No. 57-2 at 1. I find the requested rates to be reasonable, and I award them herein.

  B. <u>Paralegal Tasks at Attorney Rates</u>

  Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

  Records show over three hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents.

  Examples of these entries include (but are not limited to):

- November 18, 2020 (0.20 hrs) "Completing preparation of Certificate of Completion";

- December 11, 2020 (0.10 hrs) "Preparing and filing Certification of Medical Records for Neurology Associates";

---

[2] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

- May 7, 2021 (0.20 hrs) "Preparing Release of medical Records to obtain certification of medical records for South Orange Wellness and Physician Associates";

- November 17, 2021 (0.30 hrs) "Preparing Updated Exhibit List and preparing Notice of Filing"; and

- March 31, 2022 (0.20 hrs) "Preparing Updated Exhibit List."

ECF No. 61 – 1 at 1 - 6.

For the tasks that are considered more paralegal in nature, I will reduce Mr. Powers' time to the rates of $163 per hour for 2020; $172 per hour for 2021; and $177 per hour for time billed in 2022. This reduces the total fees to be awarded by the amount of **$707.90**.[3]

## ATTORNEY COSTS

Petitioner requests $544.29 in overall costs. ECF No. 61 – 3 at 1. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$20,926.39** (representing $20,382.10 in fees and $544.29 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, James K. Powers. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($350 - $163 = $187 x 1.0 hrs = $187) + ($350 - $172 = $178 x 2.30 hrs = $409.40) + ($400 - $177 = $223 x 0.50 hrs = $111.50) = $707.90.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.